WILHELM L. STENBERG AND ANOTHER v.
NORTHWESTERN NATIONAL BANK OF.
ROCHESTER AND ANOTHER.

238 N. W. 2d 218.

January 30, 1976—No. 45788.

*George E. Nelson,* for appellants.
*Michaels, Bishop, Seeger & Rosenblad* and *David T. Bishop,* for respondents.

Heard before Kelly, MacLaughlin, and Yetka, JJ., and considered and decided by the court en banc.

PER CURIAM.

Plaintiffs appeal from summary judgment for defendant bank and its defendant officer granted in the Olmsted County District Court. We affirm.

Plaintiffs owned a wood products company and commenced banking relationships with defendants in 1963. Within a short time thereafter, plaintiffs' work orders had so increased they considered expansion of production facilities and were encouraged to do so by defendants, who offered plaintiffs an open line of credit in the form of short-term notes. These notes were renewed from time to time. Plaintiffs were also given privileges of overdrafts on their account. By the spring of 1965, plaintiffs owed defendant bank more than $50,000. In order to consolidate the notes, reduce the interest charges, and place the debt on a regular amortized basis, defendants encouraged plaintiffs to seek a loan from the Small Business Administration of the Federal government. Although plaintiffs' accountant had advised that the outstanding obliga-

tions should be refinanced over a period of at least 12 years and opposed the SBA plan, plaintiffs followed defendants' advice and executed a six-year note with the SBA in the summer of 1965. In February 1968, after plaintiffs' business had deteriorated following the taking out of the SBA note, plaintiffs went bankrupt.

Plaintiffs then sued defendants, claiming that although their relationship to defendants was a normal commercial relationship at first, it became fiduciary in character because an officer of the defendant bank made representations to the effect that the relationship would really make plaintiffs' business grow and that plaintiffs should not really worry about their increasing indebtedness because when the time came defendants would place them in a sound financial arrangement with the bank. Plaintiffs' accountant testified that defendants persuaded plaintiffs to reject his advice.

We have carefully reviewed the record and the briefs and have concluded that there is no basis for plaintiffs' claim that a fiduciary relationship existed between plaintiffs and defendants. Plaintiff Wilhelm Stenberg was a businessman with some years of experience, capable of independent judgment which he was capable of exercising and did exercise. See, Klein v. First Edina National Bank, 293 Minn. 418, 422, 196 N. W. 2d 619, 623 (1972).

Even assuming arguendo that a fiduciary relationship did exist, the depositions of the parties indicate there was no breach of that fiduciary relationship. The bank presumably loaned money to plaintiffs, as it would to any borrower, in order to make a profit from the interest derived from said loans. But it would be ludicrous to assume that defendants would deliberately make bad loans for such purposes because those loans would imperil the bank's own money.

Affirmed.

MR. JUSTICE OTIS took no part in the consideration or decision of this case.